IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph K Schooler,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UMOM New Day Centers,<br><br>　　　　Defendant. | No. CV-25-02439-PHX-DMF<br><br>**ORDER** |

This matter was assigned to Magistrate Judge Deborah M. Fine. (Doc. 5). On September 26, 2025, the Magistrate Judge filed a Report and Recommendation with this Court.[1] (Doc. 13) recommending that this matter be dismissed without prejudice for failure to state a claim that invokes the Court's jurisdiction. On October 10, 2025,

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

Plaintiff filed objections to Magistrate Judge's Report and Recommendation. (Doc. 14).

## I. STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). The Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Likewise, it is well-settled that "failure to object to a magistrate judge's factual findings waives the right to challenge those findings." Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012)).

## II. DISCUSSION

Having reviewed the Report and Recommendation of the Magistrate Judge and Plaintiff's Objections the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation. Plaintiff alleges two claims in his First Amended Complaint: (1) civil rights violations under federal law including equal access to housing assistance, and (2) breach of contractual obligations under the rapid re-housing program. (Doc. 12 at 4). Plaintiff filed three objections to the Magistrate Judge's Report and Recommendation. (Doc. 14).

First, Plaintiff objects to the Magistrate Judge's finding that his Complaint does not invoke federal question jurisdiction. (Id. at 1). However, Plaintiff does not cite a federal statute that could invoke federal question jurisdiction. (Doc. 12). Further, in the

first screening order the Magistrate Judge set forth the requirements for asserting civil rights claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act at 42 U.S.C. § 12101 et seq., and the Fair Housing Act at 42 U.S.C. § 3601 et seq. but Plaintiff did not cite any of those statutes in his First Amended Complaint and did not plead facts sufficient enough to state a claim under any of those federal statutes. (Docs. 11, 12). Thus, the Court declines to adopt Plaintiff's objection.

Second, Plaintiff objects to the Magistrate Judge's finding that he has not satisfied the requirements for diversity of citizenship. (Doc. 14 at 1). Plaintiff states in his First Amended Complaint that he is a "resident of the State of New York, [and] formerly a resident of the State of Arizona" and that the Defendant "is a non-profit corporation providing housing services in Phoenix, Arizona". (Doc. 12 at 2). Liberally construed, Plaintiff sufficiently plead that he is domiciled in the State of New York and that Defendant has its principal place of business in the State of Arizona. (Id.) Thus, Plaintiff does establish the diversity of citizenship requirement. The Court agrees with the Magistrate Judge that residency is not necessarily synonymous with domicile, but Plaintiff is a pro se litigant and sufficiently demonstrates on the face of the complaint that he is domiciled in the State of New York. Thus, the Court disagrees with Magistrate Judge that Plaintiff and Defendant are not diverse parties and adopts Plaintiff's second objection.

Third, Plaintiff objects to the Magistrate Judge's finding that he does not allege sufficient factual basis for his request of $57,000,000 in compensatory damages. (Doc. 14 at 1-2). The Court agrees with the Magistrate Judge that Plaintiff does not allege in good faith that he should receive $57,000,000. Further, Plaintiff does not allege damages sufficient to meet the over $75,000 amount in controversy requirement. Thus, the Court declines to adopt Plaintiff's objection.

Moreover, the Court agrees with the Magistrate Judge that Plaintiff does not establish proper jurisdiction to proceed in federal court. If Plaintiff wishes to further pursue his claims, then he may file this case in state court.

### III.   CONCLUSION

Accordingly, for the reasons set forth,

**IT IS ORDERED adopting** the Report and Recommendation of the Magistrate Judge. (Doc. 13).

**IT IS FURTHER ORDERED dismissing** Plaintiff's First Amended Complaint without leave to amend. (Doc. 12)

**IT IS FURTHER ORDERED dismissing** this case without prejudice.

**IT IS FURTHER ORDERED directing** the Clerk of Court to terminate this case.

Dated this 27th day of October, 2025.

_____
Stephen M. McNamee
Senior United States District Judge